Green, Judge,
delivered the opinion of the court:
This case involves no new principles and turns entirely upon the facts shown in the findings.
The plaintiffs owned 350 acres of land on Spesutia Island, in Chesapeake Bay, valuable for farming and other purposes. The principal method of ingress and egress to and from this farm was over an easement or right of way upon and through about 35 acres of land on the mainland, which permitted a passage to and from a ferry leading to the island, to which easement and right of way the plaintiffs had title as appurtenant to their 350-acre farm. The Government took over about 30,000 acres on the mainland, including the 35 acres upon which said right of way was located. This land was taken over and used by the Government as a proving ground, and since the establishment of" the proving ground the defendant’s officers and enlisted men have at intervals operated aeroplanes carrying bombs and other explosives over plaintiffs’ farm, a part of which was declared to be in a danger zone. The defendant also refused the plaintiffs the right of operating a ferry from their prop *137 erty to the island, which had theretofore been maintained, and restricted ingress and egress to and from plaintiffs’ lands over the said 35-acre tract in such a manner as to make it impossible for plaintiffs to operate their farm in a profitable manner. The evidence shows that prior to the establishment of the Government proving ground and the acts of the defendant as aforesaid, the market value of plaintiffs’ 350 acres of land was $76,000. " Thereafter, it was worth only $35,000.
The defendant objects to this finding, principally upon the ground that there was testimony to the effect that in April, 1927, more than nine years after the Government had established the proving ground, plaintiffs sold their farm for $70,000, but this testimony is inadmissible to establish the value of the land, both on account of the time of the sale being so remote and it further appearing from the testimony that the value of all lands about the headwaters of Chesapeake Bay, similar to plaintiffs’ lands and suitable for gunning and hunting purposes, as plaintiffs’ land was, had very greatly increased in the period which had elapsed.
Defendant also presents a plea that the plaintiffs’ claim has been settled, based upon a voucher signed by plaintiffs. The evidence shows that after this voucher had been signed, the language upon which defendant relies was wrongfully written in a blank space therein, contrary to the understanding of the parties and without plaintiffs’ knowledge or consent. As the rights of no innocent parties are involved, the plaintiffs are not bound thereby.
It follows that plaintiffs are entitled to recover the difference between the value of their land before and after the Government had established the proving ground, together with six per cent interest thereon from December 14, 1917, the time when plaintiffs’ property was taken, until paid.
It is ordered that judgment be entered accordingly.
Sinnott, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.